[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14271
Non-Argument Calendar
_____

Agency No. A205-729-708


ALVARO ROBERTO DUENAS BURGOS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 23, 2017)

Before JORDAN, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Alvaro Roberto Duenas Burgos, proceeding *pro se*, seeks review of the Board of Immigration Appeals' final order affirming an immigration judge's denial of his application for asylum and withholding of removal. He contends that he suffered past persecution in El Salvador based on threats made against him and his family members. Specifically, Mr. Duenas Burgos alleges that he received anonymous phone calls at his aunt's house, and that the caller demanded $1,000, threatening to kill the family if the money was not paid. Mr. Duenas Burgos also argues that he established a well-founded fear of future persecution. Upon review of the record and consideration of the parties' briefs, we deny the petition.

## I

We review the BIA's decision as the final judgment unless the BIA expressly adopts the immigration judge's decision, in which case we will review the decisions of both the BIA and the immigration judge. *See Kazemzadeh v. U.S. Atty. Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). Factual determinations are reviewed under the highly deferential substantial evidence test, which requires us to "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004). "We must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (internal quotation marks and citation omitted). To

reverse factual findings, "we must find that the record not only supports reversal, but compels it." *Mendoza v. U.S. Atty. Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003).

## II

"An alien who arrives in or is present in the United States may apply for asylum, which the Attorney General has discretion to grant if the alien meets the [Immigration and Naturalization Act's] definition of a 'refugee.'" *Sepulveda v. U.S. Atty. Gen.*, 401 F.3d 1226, 1230 (11th Cir. 2005). Under the INA, a "refugee" is a person outside his country of nationality who is "unable or unwilling to return to . . . that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To establish eligibility for asylum, the applicant must establish either "(1) past persecution on account of . . . [one of these] protected ground[s], or (2) a 'well-founded fear' that [his] . . . protected ground will cause future persecution." *Sepulveda*, 401 F.3d at 1230–31. Further, the applicant must demonstrate that one of the statutorily protected grounds "was or will be at least one central reason for persecuting" him. 8 U.S.C. § 1158(b)(1)(B)(i).

## A

Substantial evidence supports the BIA's conclusion that Mr. Duenas Burgos did not suffer past persecution. Although the INA does not expressly define

3

persecution, we have held that it is an "extreme concept," requiring "more than a few isolated incidents of verbal harassment or intimidation." *Sepulveda*, 401 F.3d at 1231. "[M]ere harassment does not amount to persecution." *Id.*

Here, Mr. Duenas Burgos received verbal threats over the phone, but was never harmed or even approached by anyone connected to the calls. Even cumulatively, the phone calls did not establish the kind of treatment that rises to persecution. *See Shi v. U.S. Atty. Gen.*, 707 F.3d 1231, 1235 (11th Cir. 2013) ("[W]e evaluate the harms a petitioner suffered *cumulatively*—that is, even if each fact considered alone would not compel a finding of persecution, the facts taken as a whole may do so.") (emphasis in original).

Moreover, substantial evidence supports the BIA's conclusion that Mr. Duenas Burgos failed to show that one central reason the threats occurred was his membership in a particular social group. Mr. Duenas Burgos alleges that he received threats because his mother resides in the United States and sends money back to El Salvador. To the extent Mr. Duenas Burgos alleges that he was persecuted on account of a social group made up of members of a family in which one member resides in the United States and sends remittances, he has presented no evidence to support that allegation. For example, Mr. Duenas Burgos did not know who the calls were from, and he admitted that the callers did not state their motivation. Nor was there any evidence in the record to indicate that the

4

anonymous callers even knew that Mr. Duenas Burgos was a member of this particular social group. Further, the country condition evidence showed that there was general civil unrest and crime in El Salvador, and that gang members often targeted people at random for extortion.

**B**

Nor does the record compel a finding that Mr. Duenas Burgos established a well-founded fear of future persecution based on a protected ground. To establish such future persecution, "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." *Najjar v. Ashcroft*, 257 F.3d 1262, 1289 (11th Cir. 2001). "The subjective component is generally satisfied by the applicant's credible testimony that he or she genuinely fears persecution. . . . In most cases, the objective prong can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." *Id.* (internal quotation marks and citation omitted). "To warrant reversal of the BIA's finding that an alien has failed to demonstrate a sufficient nexus between his political opinion and his alleged persecution, we must be compelled to find that the alien will be persecuted '*because of*' his [statutorily protected ground]." *Rodriguez Morales v. U.S. Atty. Gen.*, 488 F.3d 884, 890 (11th Cir. 2007) (emphasis in original).

Here, the threats Mr. Duenas Burgos received were to his entire family, yet other family members have remained in El Salvador without harm, and the threats have since ceased. Moreover, as discussed, Mr. Duenas Burgos has not established that his membership in a social group will be at least one central reason for persecution—much less that he will be persecuted because of such membership. *See* § 1158(b)(1)(B)(i); *Rodriguez Morales*, 488 F.3d at 890. Finally, evidence of El Salvador's high crime rate does not compel a finding that Mr. Duenas Burgos had a reasonable possibility of facing persecution on account of a protected ground. *See Ruiz v. U.S. Atty. Gen.*, 440 F.3d 1247, 1258 (11th Cir. 2006) ("[E]vidence that either is consistent with acts of private violence . . . , or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground.").

## III

Because substantial evidence supports the finding that Mr. Duenas Burgos failed to show a well-founded fear of future persecution, it necessarily supports the finding that he failed to meet the higher "more likely than not" standard for withholding of removal. *See Sepulveda*, 401 F.3d at 1232–33 ("If an applicant is unable to meet the well-founded fear standard for asylum, [he] is generally precluded from qualifying for . . . withholding of deportation[,]" which requires an

6

applicant to demonstrate that it is "more likely than not" he will be persecuted upon return) (internal quotation marks and citation omitted).

## IV

For the reasons stated above, we deny Mr. Duenas Burgos' petition.

**PETITION DENIED.**